IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAY LEWIS BIGGS, | ) | CASE NO. 5:11 CV 292 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JOHN COLEMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Jay Lewis Biggs for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Biggs is currently incarcerated by the State of Ohio at the Allen Oakwood Correctional Facility in Lima, Ohio, where he serves a life sentence without the possibility of parole.[3] The sentence was imposed in 2008 by the Stark County Court of Common Pleas after a jury found Biggs guilty of one count of aggravated murder.[4]

The State has filed a return of the writ presenting three alternative arguments for adjudicating the petition: (1) that Biggs's single ground for relief should be dismissed as

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Benita Y. Pearson in a non-document entry dated April 7, 2011.

[2] ECF # 1.

[3] *Id.* at 1.

[4] *Id.*

non-cognizable in a federal habeas proceeding,[5] (2) that the claim should be dismissed as procedurally defaulted;[6] or (3) that the claim be denied on the merits.[7] Biggs has filed a traverse.[8]

For the reasons that follow, I will recommend the denial of the petition because the Ohio appeals court did not unreasonably apply clearly established federal law.

## Facts

**A.     Background facts, trial, sentence, and direct appeals**

The relevant facts in this case as found by the Ohio appeals court are not complex or extensive.[9]

In 2008, Biggs was indicted and tried for the rape and murder of his four-month old daughter in 2006.[10] A jury found Biggs guilty, and the court sentenced him to life in prison without the possibility of parole.[11]

---

[5] ECF # 14 at 7-9.

[6] *Id.* at 16-18.

[7] *Id.* at 19-30.

[8] ECF # 15.

[9] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[10] ECF # 15, Attachment 1 (State appeals court decision) at 88.

[11] *Id.*

>Biggs then timely appealed,[12] raising a single assignment of error:
>
>The trial court's finding of guilty was against the manifest weight of the evidence and not supported by substantial evidence.[13]

The State filed a brief in response.[14]

Focusing on the question of sufficient evidence, if believed, to support conviction as to all material elements of the crimes charged, and applying Ohio's statement of the standard articulated by the Supreme Court in *Jackson v. Virginia*,[15] the appellate court concluded that the state presented sufficient evidence at trial for the jury to make three factual findings: (1) that Biggs's four-month old daughter was vaginally raped on the night of June 5-6, 2006;[16] (2) that the girl then died as the result of asphyxia by another, not from Sudden Infant Death Syndrom or some other cause;[17] and (3) that Biggs raped his daughter and then

---

[12] Ohio App. Rule 4(A) provides that a notice of appeal must be filed within 30 days of the entry of the judgment being appealed to be timely. Here, final judgment in the trial court was entered on November 13, 2008 (ECF # 15, Attachment 1 at 26) and the notice of appeal filed on December 10, 2008 (ECF # 15, Attachment 1 at 32).

[13] ECF # 15, Attachment 1 at 88.

[14] *Id.* at 76-86.

[15] *Id.* at 89 (citing *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 (1991) (applying *Jackson v. Virginia*, 443 U.S. 307 (1979)).

[16] *Id.* at 93.

[17] *Id.* at 94.

smothered her.[18] Thus, the appeals court denied the sole assignment of error and affirmed the judgment of the trial court.[19]

Biggs, through new counsel,[20] then timely appealed[21] to the Supreme Court of Ohio, raising in his memorandum in support of jurisdiction a single proposition of law:

> The State cannot convict a defendant without proving every element of the offense beyond a reasonable doubt to the jury.[22]

The State did not file a responsive pleading. On May 26, 2010, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question.[23] The record does not indicate that Biggs then sought a writ of certiorari from the Supreme Court of the United States.

**B.     Rule 26(B) motion to reopen the appeal**

While Biggs's motion for leave to appeal still pended before the Supreme Court of Ohio, he timely filed, through counsel, a motion under Ohio Appellate Rule 26(B) to reopen

---

[18] *Id.* at 96-97.

[19] *Id.* at 97.

[20] On the appeal to the Supreme Court, Biggs was represented by the Office of the Ohio Public Defender. *See*, *id.* at 100.

[21] Ohio Supreme Court Rule of Practice 2.2(A)(1)(a) states that an appeal is timely if it is filed within 45 days of the entry of the judgment being appealed. Here, the appellate court opinion was entered on December 28, 2009 (*id.* at 87) and the notice of appeal filed with the Supreme Court of Ohio on February 11, 2010 (*id.* at 99-100).

[22] *Id.* at 102.

[23] *Id.* at 128.

his appeal on the grounds of ineffective assistance of appellate counsel.[24] In that motion, Biggs claimed that his appellate counsel on direct appeal was constitutionally ineffective for not raising the following two assignments of error:

1. The trial counsel committed a plain and prejudicial error by failing to make a determination that Diana Biggs, Jay Biggs's wife, was competent to testify in accordance with Evid. R. 601(B). Evid. R. 601(B); Crim R. 52(B); Fifth and Fourteenth Amendments to the United States Constitution; Section 16, Article I of the Ohio Constitution; Volume 7 of the Trial Phase Transcript, pp. 104-227.[25]

2. Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, for failing to object to the trial court's noncompliance with Evid. R. 601(B). Evid. R. 601(B); Volume 7 of the Trial Phase Transcript, pp. 104-227.[26]

The State opposed Biggs's motion to reopen.[27] The Ohio court of appeals denied the application to reopen the appeal, concluding that under the two-prong standard of review articulated by the United States Supreme Court in *Strickland v. Washington*,[28] as applied by

---

[24] *Id.* at 129. Under Ohio App. Rule 26(B), an application to reopen the appeal must be filed within 90 days of journalization of the appellate judgment unless "good cause" is shown for later filing. Here, as noted above, the appellate decision was journalized December 28, 2009, and the motion to reopen was filed on March 26, 2010 (*id.* at 129).

[25] *Id.* at 131.

[26] *Id.* at 135.

[27] *Id.* at 327-333.

[28] *Strickland v. Washington*, 466 U.S. 668 (1984).

Ohio law, appellate counsel was not deficient for failing to raise these two claims on appeal.[29]

The record does not indicate that Biggs appealed that decision to the Supreme Court of Ohio.

**C.    Federal habeas petition**

On February 2, 2011, Biggs, *pro se*, timely filed the present petition for a writ of habeas corpus.[30] In the petition, Biggs asserts a single ground for relief:

> Ground One: "Manifest weight" State's [sic] cannot convict defendant without proving every element of the offense beyond a reasonable doubt to the jury.
>
> Supporting Facts: State medical expert provided contradictory testimony. State failed to introduce supporting forensic evidence. Defense medical expert of considerable qualification capably and precisely undermined State experts. The evidence did not prove beyond a reasonable doubt that defendant caused injury or death or that death was not the result of SIDS.[31]

In addition, as part of the petition, Biggs included a claim of actual innocence.[32] Biggs later moved to amend the petition to withdraw the claim of actual innocence,[33] and that motion was granted.[34]

---

[29] ECF # 14, Attachment 1 at 335-36.

[30] ECF # 1 at 13. Biggs signed the petition on February 2, 2011. Applying the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), this is the earliest date the petition could have been delivered to the prison officials for mailing and so is considered the date on which the petition was filed. As noted, the direct appeal concluded on May 26, 2010. Thus, given the one-year requirement for filing imposed by 28 U.S.C. § 2254(d)(1), this petition was timely filed.

[31] *Id.* at 5.

[32] *Id.* at 29.

[33] ECF # 16.

[34] ECF # 20.

As noted, the State raised three alternative bases for resolution of the single ground for relief asserted in the petition. First, the State argues that the claim should be dismissed because an assertion that a conviction is not supported by the manifest weight of the evidence is a non-cognizable state law claim.[35] Alternatively, the State next maintains – "[i]n an abundance of caution" – that to the extent that Biggs's petition is somehow based on a theory that he is now being improperly detained because the testimony against him by his wife was contrary to law, that assertion was raised in the Rule 26(B) application to reopen the appeal, but Biggs never appealed from the denial of the motion to the Supreme Court of Ohio, thus procedurally defaulting on that claim.[36] Finally, the State contends that because the Ohio appeals court did directly address the issue of sufficiency of the evidence supporting Biggs's conviction under the clearly established federal law of *Jackson*, its decision to deny this claim should here be accorded deference because it was not an unreasonable application of *Jackson*.[37]

Biggs filed a traverse,[38] arguing that his claim as to manifest weight should be read leniently to include an argument about insufficiency of the evidence.[39] In addition, beyond "retract[ing] the [actual] innocence claim," Biggs notes that he "has not/will not attempt to

---

[35] ECF # 14 at 7-9.

[36] *Id.* at 16-18.

[37] *Id.* at 23-30.

[38] ECF # 15.

[39] *Id.* at 1-4.

bring" a claim in this petition as to anything raised in the Rule 26(B) motion to reopen.[40]

Rather, he contends that the Court should "review the ground presented on it's [sic] merits."[41]

## Analysis

### A. Preliminary observations

Before proceeding further, I make the following preliminary observations:

1. There is no dispute that Biggs is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed the petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[42]

2. There is no dispute, as detailed above, that this petition was timely filed under the applicable statute.[43]

3. In addition, Biggs represents,[44] and my own review of this Court's docket confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[45]

4. Moreover, it appears that this claim has been totally exhausted by virtue of being fairly presented through one full round of Ohio's established appellate review procedure.[46]

---

[40] *Id.* at 4.

[41] *Id.*

[42] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[43] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[44] *See*, ECF # 1 at 11.

[45] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (2006).

[46] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

5.  Finally, previous motions by Biggs for bail,[47] for summary judgment,[48] for an evidentiary hearing,[49] for appointment of counsel,[50] and for production of records,[51] have been considered and denied.[52]

**B.  Standards of review**

*1.  Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[53] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[54] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[55]

---

[47] ECF # 7.

[48] ECF # 8.

[49] ECF # 9.

[50] ECF # 10.

[51] ECF # 17.

[52] ECF # 20.

[53] 28 U.S.C. § 2254(a).

[54] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[55] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

But, a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the petitioner being denied "fundamental fairness" at trial.[56] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[57] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[58]

The petitioner bears the burden of showing that a principle of fundamental fairness was violated.[59] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[60] and may not second-guess a state court's interpretation of its own procedural rules.[61] Further, while, in general, distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[62] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of

---

[56] *Estelle*, 502 U.S. at 67-68.

[57] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[58] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[59] *Id.*

[60] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[61] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[62] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[63]

### 2. *AEDPA review*

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute is plain that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[64]

In applying that statute, a federal habeas court is guided by the well-known teachings of *Williams v. Taylor*.[65] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[66] *Williams* further holds that a state court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal

---

[63] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[64] 28 U.S.C. § 2254(d).

[65] *Williams v. Taylor*, 529 U.S. 362 (2000).

[66] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

-11-

principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[67]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[68] Rather, the state court holding may be disturbed only upon showing that it was "objectively unreasonable."[69]

As the Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[70] and "highly deferential" to the decision of the state court.[71] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[72] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[73]

---

[67] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[68] *Williams*, 529 U.S. at 411.

[69] *Id*. at 409.

[70] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[71] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[72] *Harrington*, 131 S. Ct. at 786.

[73] *Id.* at 786-87.

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[74]

Finally, where a state court does not address the merits of a federal claim properly presented to it, "the deference due [a state court decision by the federal habeas court] under the AEDPA does not apply."[75] Then, the federal court is to review the claim *de novo*.[76]

The Supreme Court emphasized in *Harrington v. Richter*, since a state court is not required to state its reasons or explain its conclusion when it adjudicates a federal claim in the merits, when a federal claim was presented to the state court and then denied without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[77] In such circumstances, the decision of the state court would be entitled to deference from the federal habeas court.[78]

---

[74] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[75] *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[76] *Id.*

[77] *Harrington*, 131 S. Ct. at 784-85; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[78] *Brown*, 656 F.3d at 329.

**C.    Application of standards – the petition should be denied on the merits after AEDPA review because the decision of the Ohio appeals court on this claim was not an unreasonable application of the clearly established federal law of *Jackson*.**

Before addressing the claim on the merits, I note that the State's argument that a procedural default occurred as to any claims based on the grounds raised in the Rule 26(B) application to reopen the appeal was conclusively answered by Biggs in his traverse where he plainly stated that he was bringing no claims in this petition based on the arguments raised in the 26(B) application. Thus, there is no basis for considering whether any such arguments have been procedurally defaulted.

Further, as will become more apparent below, there is no dispute that while the single claim here uses the term "manifest weight" as a sort of caption to the claim, the body of the claim plainly bases the ground for relief on an asserted insufficiency of the evidence used at trial. Indeed, the claim itself rests on the assertion that the State "cannot convict a defendant without proving every element of the offense beyond a reasonable doubt to the jury."[79] This language is totally identical to the wording of Biggs's proposition of law propounded to the Ohio Supreme Court in his direct appeal from the decision of the appeals court that, in turn, was based on an analysis conducted under *Jackson* and the test for sufficiency of the evidence. As such, the claim here should be addressed on its merits.

The state appeals court here analyzed the evidence presented at trial under the standard articulated in *Jackson* whereby the inquiry is, after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential

---

[79] ECF # 1 at 5.

elements of the crime beyond a reasonable doubt.[80] In so doing, as the State observes, every reasonable inference from the evidence must be drawn in favor of the prosecution, and circumstantial evidence must be viewed as sufficient.[81]

In the appeal here, the court began by re-stating the applicable standard of review.[82] Next, the court set forth each statutory element of every crime with which Biggs was charged.[83] Then, the court set forth the prosecution's theory of the case, quoting the words it used to describe that theory to the jury:

> He [appellant] took the baby to bed that night, placed her in her bed, raped her, and when she cried out in pain, he put his hand over her mouth to make her stop, and he killed her. That is what the evidence over the past week has shown you. That is what happened in that house in Massillon. The Defendant caused the death of his four-month-old daughter while he was raping her.[84]

With that theory of the case – and the specific elements of the crime – in mind, the appeals court thereupon determined to review the evidence as it pertained to three essential questions arising out of the prosecutions statement to the jury and the statutory elements it needed to prove: (1) what evidence supported a finding that the infant had been vaginally raped;[85] (2) what evidence supported a finding that the child died as a result of being

---

[80] *Jackson*, 443 U.S. at 319.

[81] ECF # 14 at 23-24 (citing *Jackson,* 443 U.S. at 319, 324-25).

[82] ECF # 14, Attachment 1 at 89.

[83] *Id.* at 89-90. Specifically, the crimes were: aggravated murder with death penalty specification; murder; rape and endangering children.

[84] *Id.* at 91 (quoting trial transcript vol.XI at 201).

[85] *Id.* at 91-93.

-15-

smothered as opposed to losing her life to another cause;[86] and (3) what evidence supported a conclusion that Biggs was responsible for sexually assaulting and then asphyxiating his daughter?[87]

As regards the issues of proof of rape and cause of death, the court recounted the evidence adduced at trial, particularly noting the evidence from defense experts that differed from the opinions of the prosecution witnesses.[88] In both cases, the court noted the weaknesses in the defense positions[89] and then concluded that it was for the jury to choose which opinion to believe.[90] Similarly, as to the issue of Biggs's culpability, the appeals court noted that while "[t]he evidence ruled out the possibility of anyone other than the appellant"

---

[86] *Id.* at 93-95.

[87] *Id.* at 95-96.

[88] *Id.* at 93 (on the question of existence of a sexual assault, the jury had to choose between the opinions of Drs. Murthy, Kohler, and Bertin for the prosecution and Dr. Spitz for the defense); *id.* at 95 (on the question of death cause by smothering, the jury had opinions for the prosecution from Drs. Murthy and Kohler, while Dr. Spitz gave a defense opinion).

[89] *Id.* at 93 (prosecution experts had actually performed or observed the autopsy; defense expert had only reviewed the file); *id.* at 95 (prosecution experts had observed the victim's face and body and could testify as to color, pallor, etc., while Dr. Spitz for the defense testified only that he would have expected finger marks on the victim if it had been smothering, but otherwise could not rule out smothering).

[90] *Id.* at 93 ("Clearly the jury chose to believe the physicians who actually observed the infant and performed the physical examination as opposed to believing the physician who only reviewed reports, photographs and microscopic slides. *** The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact."); *id.* at 95 ("Dr. Murthy's opinion was made after actual observation during the autopsy of the pallor on the infant's face. It is reasonable to assume that the jury found Dr. Murthy's observations to be more credible.").

-16-

being responsible,[91] the evidence of his guilt was, as Biggs argued, circumstantial.[92] But, as the court then pointedly observed, circumstantial evidence, by law, is to be given the same weight and deference as direct evidence, and may actually be more certain and persuasive than direct evidence.[93]

In the end, the court ascertained, after employing the standard of review promulgated in *Jackson*, that there was sufficient credible evidence, when viewed most favorably to the prosecution, for the jury to find all the necessary elements of the offenses proven as to Biggs beyond a reasonable doubt.[94]

Likewise, in reviewing that decision in light of AEDPA deference, I recommend finding that it is not an unreasonable application of the clearly established federal law of *Jackson* to Biggs's case, and so the petition here should be denied on the merits.

## Conclusion

For the reasons stated, I recommend that the petition of Jay Biggs for a writ of habeas corpus be denied.

Dated: January 11, 2013                    s/ William H. Baughman, Jr.
                                           United States Magistrate Judge

---

[91] *Id.* at 96.

[92] *Id.*

[93] *Id.* (citations omitted).

[94] *Id.* at 97.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[95]

---

[95] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).